Karin M. Gunter, Esquire
PA ID No. 79852
Law Office of Karin M. Gunter
85 Old Cedarbrook Road
Wyncote, PA 1905                                    ATTORNEY FOR PLAINTIFF,
(215) 548-9992                                       MIGUEL J. CHAVARRIA, JR.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL J. CHAVARRIA, JR,          :
      Plaintiff                         :          Civil Action No.:
                           :
      v.                                :
                           :          JURY TRIAL DEMANDED
PHILADELPHIA GAS WORKS and.       :
  GAS WORKS EMPLOYEES' UNION LOCAL 686    :
      Defendants.                       :

### COMPLAINT

### Preliminary Statement

This action is brought by an employee against his employer and his labor union

(collectively "Defendants") for discrimination based on race, color and national origin in violation

of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-1 *et seq.* ("Title VII");

Pennsylvania Human Relations Act, *as amended*, 43 P.S. §§ 951-963 ("PHRA"); Section 1983

of the Civil Rights Act of 1871, *as* amended, 42 U.S.C. § 1983 ("Section 1983"); and for

violation of his rights under the Civil Rights Act of 1866, *as amended*, 42 U.S.C. §1981a

("Section 1981A").

Plaintiff seeks front pay, back pay, compensatory and punitive damages, attorney's

fees, expert fees, costs and such other relief as this Court deems just and proper.

### Jurisdiction and Venue

1.   Original jurisdiction over Plaintiff's federal question claims is conferred upon this

Court pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. §§ 1331 and 1343.  Supplemental

jurisdiction over Plaintiff's state law claims is conferred upon this Court pursuant to 28 U.S.C. §

1367(a).

2.   Venue lies in this district by 28 U.S.C. § 1391(b) and (c) in that all actions complained of occurred and Defendant resides in this district.

3.   Plaintiff has exhausted his administrative remedies under Title VII and PHRA.

4.   On or about August 9, 2018, Plaintiff dually filed an administrative complaint against Defendants Philadelphia Gas Works ("PGW" or "Employer") and Gas Works Employees' Union Local 686 ("Local 686" or "Union") with United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging race, color, national origin and gender discrimination.

5.   On or about July 2, 2019 (PGW) and July 3, 2019 (Union), Plaintiff received EEOC's Notice of Right to Sue letters.

True and correct copies of EEOC's Right to Sue Letters are attached as Exhibit "A".

6.   Plaintiff anticipates receiving a similar closure letter from the PHRC.

**Parties**

7.   Plaintiff MIGUEL J. CHAVARRIA, JR. ("Plaintiff" or "Chavarria") is an adult person and a citizen of the United States.  Plaintiff resides in Philadelphia, Pennsylvania.  At all times relevant to this action, Plaintiff was employed by Defendant PGW and a dues paying member of Defendant Local 686.

8.   Defendant PHILADELPHIA GAS WORKS is a municipality owned gas utility company.  It is headquartered at 800 W. Montgomery Avenue, Philadelphia, PA 19122 with more than 500 employees.

9.   Defendant GAS WORKS EMPLOYEES' UNION LOCAL 686 is a trade and labor union and is part of the Utility Works Union of America.  It is headquartered at 9190 Marshall Street, Philadelphia, PA 19154 with more than 500 members.

**Factual Allegations**

10. Plaintiff is an African American, black/brown male of Hispanic (Costa Rican)

descent.

11. Defendant PGW hired Plaintiff in October 1992 as a Gas Supply Worker III.

12. Plaintiff became a Foreman, Gas Processing at PGW Passyunk Plant ("Passyunk Plant") on August 19, 2006.

13. Plaintiff currently continues to be a Foreman a/k/a Working Foreman at Passyunk plant.

14. Plaintiff has always been employed at PGW in its Gas Processing Department.

15. At all times relevant to this action, the following exists:

a.  John Zuk ("Zuk")(Caucasian) is Vice President, Gas Processing.

b.  Curt Malkemes ("Malkemes")(Caucasian) is Director, Gas Processing.

c.  Brian McGuire ("McGuire")(Caucasian) is Plant Management at Passyunk plant since on or about late 2014.

d.  David Martinez ("Martinez")(Caucasian Hispanic) is General Supervisor at Passyunk plant since on or about August 2015.

e.  Ryan O'Donnell ("O'Donnell")(Caucasian) is Operation Supervisor at Passyunk plant.

f.  Wayne Rauceo ("Rauceo")(African American Caribbean descent) is Operation Supervisor at Passyunk plant.

g.  John K. Walker ("Walker")(African American) is Operation Supervisor at Passyunk plant.

h.  Michael Tomczak ("Tomczak")(Caucasian) is a Working Foreman at Passyunk plant.

i.  Jose Ortiz ("Ortiz")(Caucasian Hispanic) was a Working Foreman at Passyunk plant who later moved to PGW Gas Processing Richmond Plant ("Richmond Plant").

j.  Dwayne Ackie ("Ackie")(African American Caribbean descent) is a Senior Process Operator (Operator 1) at Passyunk plant.

k.   Maurice Goodwin ("Goodwin")(African American) is a Senior Process Operator (Operator 1) at Passyunk plant.

l.   Mark Gaydosh ("Gaydosh")(Caucasian) is a Local 686 representative at Passyunk plant.

m.   Mark McGee ("McGee")(Caucasian) is a Manager of Health/Safety and Plant Protection at Passyunk and Richmond plants.

n.   Thomas Mack ("Mack")(Caucasian) is a Senior Safety Representative at Passyunk plant.

o.   Jessie Gill (Caucasian Hispanic male)("Gill") is a Local 686 union representative at Passyunk plant.

**COUNT I**
**Plaintiff v. PGW**
**Race, Color and National Origin Discrimination –**
**Hostile Work Environment (Continuing Violations)**

16. Plaintiff re-avers and incorporates by reference the averments in all paragraphs, *supra*.

17. Plaintiff is a member of a protected class.

18. Plaintiff is qualified for the position of Working Foreman.

19. Plant operations at the Passyunk plant have been understaffed since on or about 2013, when the plant experienced massive staff attrition due to retirements, job moves, turnovers and the like.

20. "Optimal" staff levels would be 5 positional members (i.e., supervisors, foremen and process operators) at the plant.  "Minimal" staff levels would be 4 positional members, which amounts to one positional staff member (supervisor, foreman and process operator) for each of the four work shifts.

21.  Current Passyunk gas processing management, specifically, Zuk, Malkemes, McGuire and Martinez, has never adequately prepared for retirement replacements or moves to

the Richmond plant.  For example, Ortiz moved to the Richmond plant, and the replacement hired by Passyuna\k plant management for Ortiz's position has been on light duty for some 5 months, leaving the replacement not available for shift.

22. McGuire and Martinez created and continue to create a hostile work environment segregated by race, color and national origin.

23. McGuire and Martinez continue to violate scheduling, overtime, vacation and other PGW employment policies, which creates a continuing and persistent hostile work environment:

a.   In the past, McGuire has referred to protected class, i.e., black and brown employees as "mutts";

b.   O'Donnell, at the instruction and direction of Martinez, called Plaintiff by phone insistent Plaintiff turn down insufficient notice pay, or else Plaintiff would have overtime pay taken from him;

c.   Martinez ignoring seniority guidelines for scheduling vacation days, which including denying Plaintiff (who has more than 25 years of service) and giving those days to non-protected class persons with 15 years less service with PGW;

d.   McGuire using Working Foreman work schedule to segregate and give preferential scheduling to non-protected class (Caucasian) employees;

e.   Martinez scheduled Plaintiff to work 6 days (November 29, 30 and December 1, 6, 7 and 8, 2017) on truck unloading project, but only scheduled the other non-protected class (Caucasian) working foremen (Tomczak and Ortiz) at most 2 days on the project during that same time period;

f.   On or about February 2018, McGuire searched the LNG Control Room building, where Plaintiff's work station is, looking through wall panels, hallways and the like and asking Plaintiff questions about maintenance issues.  As plant manager, McGuire is not tasked to perform these functions but was rather stalking Plaintiff, who called Human Resources immediately;

g.   February 2018 was not the first time McGuire and/or other Passyunk plant management stalked Plaintiff by hovering over his work station and/or in the plant;

h.   On or about March 6, 2018, during a safety meeting conducted by McGee, Mack stated there were "rats" and "squirrels" in the plant.  Someone in the room stated "Well, you know what you have to do with rats.  You have to poison them."  It was clear they were not talking about rodents but rather people.  Ackie and Walker attended that meeting.

24. As a result of these and continuing action by Passyunk plant management and union representatives, Plaintiff has been under tremendous stress and is seeking outside help for emotional distress.

25. Based on the foregoing, Plaintiff avers Employer violated Title VII and Section 1983 as follows:

a.   Plaintiff is and was subjected to continuing and persistent race, color and national origin discrimination in the terms and conditions of his employment regarding scheduling of work assignments, overtime, *inter alia;*

b.   Plant management's conduct via McGuire, Martinez, O'Donnell, *inter alia*, is not welcomed by Plaintiff;

c.   Plant management's conduct was motivated by the fact that Plaintiff is African American, Costa Rican descent, and/or a brown/black male;

d.   Plant management's conduct is so severe or pervasive that a reasonable person in Plaintiff's position would find his work environment to be hostile or abusive;

e.   Plaintiff believes his work environment to be hostile or abusive as a result of plant management via McGuire's, Martinez's, O'Donnell's, *inter alia*, conduct; and

f.   Plaintiff suffered an adverse tangible employment action as a result of the hostile work environment, *inter alia.*

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant PGW in the form of front pay, back pay, compensatory and

punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

**COUNT II**
**Plaintiff v. PGW and Local 686**
**Race, Color and National Origin Discrimination –**
**Retaliation**

26. Plaintiff re-avers and incorporates by references all allegations in all paragraphs, *supra.*

27. Due to the pervasive and ongoing discriminatory practices at Passyunk plant under plant manager McGuire, Plaintiff filed an internal complaint with PGW Human Resources averring race, color and national origin, *inter alia.*

    a.  In December 2017, Plaintiff made verbal complaints to his union representative Gill regarding the November 2017 truck unloading schedule put in place by Martinez;

    b.  Shortly thereafter, on December 19, 2017 at approximately 4:00 p.m., Martinez approached Plaintiff, while Chavarria was at his work station in the LNG Control Building, in an intimidating tone and manner;

    c.  Plaintiff invoked his right to have his union representative present before any discussions with Martinez would occur;

    d.  Martinez ignored Plaintiff's request for his union representative, and began to question Chavarria regarding the content of his grievances – specifically about Martinez's handling of personnel scheduling as well as why Plaintiff went to the union in the first instance;

    e.  Plaintiff then told Martinez that all of his questions were explained to Gill, his union representative.  Undaunted, Martinez continued to state Plaintiff should not have gone to the union;

    f.  Plaintiff once again invoked his right to have Gill present during their discussion at which point Martinez finally left Plaintiff's work station; and

    g.  Plaintiff later learned Martinez questioned union and management personnel in

the Central Control Room building regarding Plaintiff's grievances before coming to his work station.

28. On or about December 20, 2017, Plaintiff, Gaydosh, Gill, McGuire and Martinez met regarding Chavarria's verbal complaints and Martinez's actions.

29. Instead of supporting Plaintiff, Gaydosh, who is personal friends with McGuire, tried to smooth things over with plant management.  Plaintiff disagreed with the union's handling of the matter and made two formal grievances: Number 17-08-19 and 17-08-20 (collectively "Grievances"), which the Local 686 representatives did not execute until December 31, 2017.

30. Thereafter, on December 21, 2017, Plaintiff initiated an internal discrimination complaint with PGW based on race, color and national origin ("PGW Internal Complaint").

A true and correct copy of Plaintiff's December 21, 2017 PGW Internal Complaint is attached as Exhibit "B".

31. In his PGW internal complaint, Chavarria averred racial, color and national origin discrimination, intimidation and bias continues and is pervasive under plant manager McGuire and general manager Martinez, *inter alia.*

32. Specifically, Plaintiff's PGW internal complaint averred hostile work environment – harassment, intimidation and false charges; stalking; retaliation; disparate treatment; disparate impact; scheduling and other adverse employment practices against Plaintiff and other African American, brown and black employees.

33. PGW representatives investigated Plaintiff's internal complaint, which included interviews of Plaintiff, Rauceo, Ackie and Goodwin, *inter alia* beginning in January 2018.

34. During the investigation and continuing thereafter, the work environment became unsafe and hostile against African American, black and brown male employees at the Passyunk plant.

35. During the investigation and continuing thereafter, plant management began making new rules and/or changing longstanding rules that had never been practiced or enforced at the

plant.

36. For example, Martinez issued a directive on March 13, 2018 prohibiting the use of plant vehicles by union employees for their job performance except with permission from management.  Prior to this date, union employees had free access to use the vehicles due to the distance they need to cover during the course of their work.

37. Martinez further began to enforce old Human Resources policies against protected class members (black, brown) and not against non-protected class (white) members.  For instance, Martinez prohibited Goodwin (black, brown) from using personal electronic devices in the plant citing HR Personnel Policy #003-5 (effective 8/10/2007), but continued to permit Ortiz (white) to use a radio out in the open at the Passyunk plant.

38.  Thereafter, Passyunk plant management and/or Local 686 engaged in a course of retaliation against Plaintiff, Rauceo, Ackie and Goodwin including, but not limited to:

    a.   Plaintiff required to work several days with no time off.

    b.   On Friday, February 23, 2018 at approximately 11:35 p.m., McGuire snuck into the plan unannounced during his time off, dressed in casual clothes, which is against company plant security protocol. McGuire then confronted Ackie at his work station using profanity and smelling of alcohol.

    c.   A few days later, McGuire came into the LNG Control Room building and began stalking Plaintiff at his work station by looking through panels and hallways around the work station and questioning Chavarria bout maintenance issues.

    d.   On March 28, 2018, Local 686 sent Plaintiff a letter indicating the Union Grievance Committee performed the initial stages of an investigation but would not pursue any further steps in the process.  However, based on grievance protocol, the grievance committee should have presented the matter to the Union Board for review.  After discussions with one union board member, Plaintiff learned Local 686 failed to show his grievances to the board.

39. PGW conducted an investigation of Plaintiff's December 21, 2017, which involved

interviews of a number of protected class members at the Passyunk plant.

40. During the investigation and continuing to the present, McGuire and other management personnel including, but not limited to, Martinez and O'Donnell engaged in a course of retaliation that involves referring to Plaintiff and other protected class members as "rats".

41. During the investigation and continuing to the present, McGuire and other management personnel including, but not limited to, Martinez and O'Donnell engaged in a course of retaliation that involves changing practices and policies regarding plant vehicle use, scheduling, distribution of work and overtime, days off, stalking and the like towards Plaintiff and other protected class members.

42. Furthermore, PGW sent Plaintiff a letter dated April 25, 2018 alleging its internal investigation failed to find discrimination or retaliation.

43. However, on that same day and the following, April 25, 2018 and April 26, 2018 Plaintiff and other protected class members (i.e., Rauceo) found signs posted outside the locker room (clock out area) and in the boiler area reading "The Rat Pack."

A true and correct picture of the sign found in the boiler area is attached as Exhibit "C".

44. Furthermore, on March 28, 2018, Local 686 sent Plaintiff a letter averring it "pursued [his] grievance through the initial stages of the grievance procedure set forth in the parties' Collective Bargaining Agreement, and PGW refused to grant the remedy that we had requested."

45. Instead of further pursuing the grievance through the next steps, which would have involved in part going to the entire union board/grievance Local 686 ended its investigation of Plaintiff's grievances.

46. Thereafter, during a safety meeting conducted by McGee on or about March 6, 2018, protected class members who made complaints about the discrimination at the Passyunk

plant including, but not limited to, Plaintiff were called "rats" and "squirrels", and threats were made about having to "poison" rats to get rid them.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant PGW in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

### COUNT III
### Plaintiff v. PGW and Local 686
### Race, Color and National Origin Discrimination –
### Disparate Treatment

47. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra.*

48. Plaintiff suffered adverse employment actions when Passyunk plant management treated similarly situated non-protected class members differently from Plaintiff.

49. Plaintiff suffered adverse employment actins when Local 686 treated similarly situated non-protected class members differently from Plaintiff.

50. As a result of PGW's intentional discriminatory conduct, Plaintiff's employment was adversely affected.

51. As a result of Local 686's intentional discriminatory conduct, Plaintiff's employment was adversely affected.

52. Defendants' intentional discriminatory conduct would have adversely affected a reasonable person of the same protected class as Plaintiff.

53. PGW is vicariously liable via *respondeat superior* for the actions of McGuire, Martinez, O'Donnell, *inter alia.*

54. Local 686 is vicariously liable via *respondeat superior* for the actions of Gaydosh, *inter alia.*

55. Defendants' failure to provide Plaintiff with the same terms and conditions of

employment and/or collective bargaining representation created an inference of race, color and national origin discrimination.

56. Plaintiff avers Defendants PGW's and Local 686's alleged reasons for failing to provide him with the same terms and conditions of employment and/or collective bargaining representation is a pretext for discrimination.

57. Plaintiff avers Defendants PGE and Local 686 continue to discriminate against him and other protected class members based on race, color and national origin.

58. Defendants' discriminatory conduct toward Plaintiff as averred herein show the existence of circumstances that give rise to an inference of prohibited discrimination.

59. As a result of Defendants' intentional discrimination, Plaintiff suffered injuries including, but not limited to, emotional distress, financial and other injuries.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant PGW in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

**COUNT IV**
**Plaintiff v. PGW and Local 686**
**Race, Color and National Origin Discrimination –**
**Disparate Impact**

60. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra.*

61. Defendant PGW's policies and practices of use of plant vehicles, electronics, scheduling work assignments and overtime, *inter alia*, have a disparate impact on protected class members including, but not limited to, Plaintiff.

62. Defendant Local 686's policies and practices of investigation of grievances and representation of members against management have a disparate impact on protected class members including, but not limited to, Plaintiff.

63. As applied by Passyunk plant management and others and/or Local 686 representatives, each defendant's policies and practices adversely impact protected class members including, but not limited to, Plaintiff.

64. In the alternative, or in addition, Defendants fail and refuse to adopt alternative employment and/or collective bargaining practices in a non-discriminatory manner as to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendants PGW and Local 686 in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

Respectfully submitted:

**LAW OFFICE OF KARIN M. GUNTER**

Karin M. Gunter, Esquire

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Miguel Chavarria, Jr.<br>131 E. Durham Street<br>Philadelphia, PA 19119 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-05271 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*

**Jamie R. Williamson,**
**District Director**

07/01/2019

*(Date Mailed)*

Enclosures(s)

cc: **PHILADELPHIA GAS WORKS**
Brett A. Zahorchak, Esq. (For Respondent)
Senior Attorney
800 W. Montgomery Avenue, 4th Floor
Philadelphia, PA 19122

Karin Gunter, Esq. (For Charging Party)
Attorney at Law
85 Old Cedarbrook Road
Wyncote, PA 19095

Exhibit "A"

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Miguel Chavarria, Jr.
131 E. Durham Street
Philadelphia, PA 19119

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-05273 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Jamie R. Williamson* 07/01/2019

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc: **PGW UNION LOCAL 686**
**Nicholas J. Botta, Esq. (For Respondent)**
**General Counsel**
**230 S. Broad Street, Suite 1400**
**Philadelphia, PA 19102**

**Karin Gunter, Esq. (For Charging Party)**
**Attorney at Law**
**85 Old Cedarbrook Road**
**Wyncote, PA 19095**

HRD Policy #005-21 Att............



# COMPLAINT INTAKE FORM

Please read this short questionnaire from beginning to end before filling out your answers to individual questions. Please answer every applicable question.

**NOTE:** You must identify the race and gender of every person you name in this complaint. The following abbreviations may be useful: W=white, B=black, SSA= Spanish Surnames American, F=female, M=male, NBA= Native Born American.

*Example*: My supervisor, John Doe (W), gave me a written warning on 11/7/06.

| Today's Date 12-21-2017 | Employee Name (Print) MIGUEL J. CHAVARRIA JR. |
|---|---|
| I.D. Number 2551 | Job Title & Department Operations Working Foreman |
| Date of Hire 12-1992 | Telephone Extension 215-787-4830 |
| Home Address 131 E. Durham Street, Phila, PA 19119 | Telephone Number ▮▮▮▮▮▮▮ |

1. Which of the following do you feel was the reason for the problem that you are having?

☑ Race   ☐ Gender   ☐ Disability   ☐ Age   ☑ Color   ☐ Non-Job Related Disability

☐ Religion   ☑ Natural Origin   ☐ Veteran's Status   ☐ Other (explain)

2. Please give a brief statement of your complaint, providing names and specific dates whenever possible. Copies of any documented information, which backs up your complaint, should be attached. If more space is needed, attach extra pages.

I am filing this complaint for what I believe is clear racial, color, and Natural origin based bias and intimidation which has been continued and intensifying ever since Brian Mcguire and Dave Martinez have been put in charge of Passyunk Plant. There have been numerous occasions when employees of African American, African, or brown skinned lineage have been treated unfairly, harassed, intimidated and even falsly charged with workplace infractions.

Page 1 of 3

Exhibit "B"

3. Who witnessed the above problem(s)?

Name(s) John Walker, Wallace Benson, Wayne Ruuee Department(s) Gas Processing
Duane Ackie, M. Goodwin, Mike Tunstall,
Telephone Number(s) 215 787 4858 - 4957

What will they be able to tell us?
Hopefully tell you their experiance with these issues
and maybe more I dont know about.

---

4. Did you complain to your foreman, supervisor or manager?

☑ Yes          ☐ No

   a.    If yes, give the name of the person to whom you complained:

Name Jesse Gill, Mark Gaydosh          Telephone Ext. 215. 400. 0305. ext (4904)

Location Passyunk Plant

   b.    Explain what happened?
All the Issues I detailed affecting me where reported
to the union and handled with Brian Mcguire and Dave
Martnee.

---

5. Name other people who have been treated different.

| NAME | CLASS | JOB/DEPT. | What the Person Did | What Happened |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

6. Name the other people who have been treated similarly.

| NAME | CLASS | JOB/DEPT. | What the Person Did | What Happened |
|------|-------|-----------|--------------------|--------------|
|      |       |           |                    |              |
|      |       |           |                    |              |
|      |       |           |                    |              |
|      |       |           |                    |              |
|      |       |           |                    |              |
|      |       |           |                    |              |

7. Explain why you believe your race, gender, age or disability was a factor in what happened.

Because I have noticed the blatant attack and bias against African American, Brown Employees since Brian McGuire came to Passyunk Plant Operation is divided by race and color its the White and Puerto Rican Employees against the African American, Brown Employees. Its very clear that decision in Passyunk will usually be to the detrument of AA, Brown Employees.

8. Are you a Union Member? ☑ Yes ☐ No

Name of Union   Gas Works Employees Union of Philadelphia Local 686

Name of Union Representative   Jesse Gill

Telephone Extension   4064   Name of Local Union President   Keith Holmes
215-400-0305-cell
Telephone Number   215-767-4064

9. Did you file a grievance regarding the above problem(s)?   ☐ Yes   ☑ No

If yes, attach a copy of the grievance. Explain what step your grievance is now in. Give both step number or letter and the name(s) and title(s) of persons mentioned.

I do certify that all of the above statements are true to the best of my knowledge.

Signature   Miguel J Chavarria Jr   Date   12·26·2017

Page 3 of 3

Wednesday, December 27, 2017     3:28 AM

December 19th at approximately 4p.m. Dave Martinez entered the LNG Control Building and said that he had been hearing things from people in a tone and manner which let me know he was trying to intimidate me   ,I immediately told Dave that I did not want to get into any discussion with him without union representation he ignored my request and proceeded to  ask me questions about my issues with how he was scheduling personnel and the fact that I went to the union to handle the issue. I explained to Dave that everything he was asking about had already been conveyed through Jessie Gill who is my Gas Processing union representative which is my right but he continued to express that I should not go to the union I once again told him I did not want to have this discussion without union representation and he finally left, I later found out that he had interrogated  union and management personnel in the central control building before he came to my work station.  I have had several interactions with Dave Martinez in the past which include his having Shift Supervisor Ryan O'Donnell threaten me by phone that if I did not turn down insufficient notice pay he was going to take overtime from me, when O'Donnell called he specified that Dave Martinez told him to call with the threat. I promptly told O'Donnell I would be contacting the union representative and get back to him. The union had contact with plant manager Brian McGuire and the issue was resolved with me receiving my insufficient notice pay and not having scheduled overtime taken away. Dave Martinez has ignored the seniority guidelines when issuing vacation and denied me vacation days and given them to individual with 15 years less company time, this issue was also handled with the Union and resolved with Brian McGuire . Since Brian McGuire and Dave Martinez have been in charge of Passyunk Plant there is a division within operations like I have never experienced in my 25 years working for the Philadelphia Gas Works and it is clearly race and color based with those of Caucasian persuasion and those of Puerto Rican decent forming a union against those who are African American or Brown Skinned. Its blatant and clear when it comes to fairness in scheduling and advancement within the plant and operations that African Americans are treated unfairly and even undermined and sabotaged when trying to advance . All African American Shift Supervisors were excluded from participating in the joint pig project with distribution and outside entities while white supervisors when included and given overtime to be involved with a rare project for Passyunk Plant. And this exclusion did not go without notice its easy to see no African Americans were wanted on this special project. After this a few African American supervisors asked Dave Martinez about overtime distribution and his response I believe in retaliation for questioning his was to exclude all African American Shift supervisors from the LNG truck unloading operation which they have been involved with in previous years and also delegated the bulk of the union portion of truck unloading to African American operators. Truck Unloading is considered to be one of the less desirable jobs in operations by some so this is why I the African American operators where scheduled to do 90% of the unloading with one white PO1 operator doing one day of unloading while myself a senior working foreman did six days of unloading. There is a clear bias and favoritism which is race and color based and it is very clear and meant to belittle , demean, divide, and exclude the African American employees at Passyunk Plant ,I hope that you questions every African American employee who works at Passyunk and Richmond Plant to hear their stories as a lot feel intimidated and scared of retaliation for complaining .



Exhibit "C"

**VERIFICATION**

I, MIGUEL J. CHAVARRIA, JR., am Plaintiff in the foregoing pleading.  I hereby verify that

the averments set forth in the herein Complaint of Discrimination are true and correct, to the

best of my knowledge, information and belief.  I understand that false statements herein are

made subject to the penalties of 18 Pa.C.S.A. section 4904, relating to unsworn falsification to

authorities and 28 U.S.C. section 1746 unsworn declarations under penalty of perjury.


Dated: _Sept 23_ , 2019                          _____

                                                 Miguel J. Chavarria, Jr.